JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GERALD REDFEARN

**DEFENDANTS**

HOST TERMINALS LLC AND ECO ENERGY

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.
1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |    Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &    Pharmaceutical    Slander     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |    Liability    ☐ 368 Asbestos Personal     Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine     Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product    **PERSONAL PROPERTY**    Liability | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | **LABOR** | | Protection Act |
| ☐ 195 Contract Product Liability |    Product Liability    ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 360 Other Personal     Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| |    Injury    ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury -     Product Liability     Medical Malpractice | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g))    ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment    ☐ 510 Motions to Vacate     Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Accommodations    ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty     Employment | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities -    **Other:**     Other    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education    ☐ 550 Civil Rights    ☐ 555 Prison Condition    ☐ 560 Civil Detainee -     Conditions of     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
1981, TITLE VII, PHRA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000 IN EXCESS

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
12/06/2021

SIGNATURE OF ATTORNEY OF RECORD
Sidney L. Gold, Esquire

Digitally signed by Sidney L. Gold, Esquire
Date: 2021.12.06 10:22:48 -05'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____5120 Harlan Street, Philadelphia, Pennsylvania 19131_____

Address of Defendant: ___4099 South Christopher Columbus Boulevard, Philadelphia, Pennsylvania 19148___

Place of Accident, Incident or Transaction: ___4099 South Christopher Columbus Boulevard, Philadelphia, Pennsylvania 19148___

---

***RELATED CASE, IF ANY:***

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☑ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/06/2021__    __/s/ Sidney L. Gold, Esq.__    __21374__
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

***A.    Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

***B.    Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___SIDNEY L. GOLD, ESQUIRE___, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __12/06/2021__    __/s/ Sidney L. Gold, Esq.__    __21374__
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| GERALD REDFEARN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| HOST TERMINALS LLC | : | |
| AND ECO ENERGY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (☑)

| | | |
|---|---|---|
| 12/06/2021 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GERALD REDFEARN, | : | CIVIL ACTION NO._____ |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| HOST TERMINALS LLC and | : | |
| ECO ENERGY, | : | |
| *Defendants.* | : | |

**COMPLAINT AND JURY DEMAND**

**I.    PRELIMINARY STATEMENT**

1.    This is an action for an award of damages, attorneys' fees, and other relief on behalf of the Plaintiff, Gerald Redfearn ("Plaintiff Redfearn"), a former employee of the Defendants, Host Terminals LLC and Eco Energy ("Defendants"), who has been harmed by the Defendants' discriminatory and retaliatory employment practices.

2.    This action is brought under 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq. ("PHRA").

**II.    JURISDICTION AND VENUE**

3.    The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff Redfearn's claims are substantively based on Title VII and §1981.

4.    The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Redfearn's claims arising under the PHRA.

5.    All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Redfearn has satisfied all other jurisdictional prerequisites to the maintenance of this

1

action.  On September 7, 2021, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

### III.     PARTIES

6.     Plaintiff, Gerald Redfearn ("Plaintiff Redfearn"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 5120 Harlan Street, Philadelphia, Pennsylvania 19131.

7.     Defendant, Host Terminals LLC ("Defendant HT"), is a limited liability corporation duly organized and existing under the laws of the Commonwealth of Virginia, maintaining a place of business located within the Commonwealth of Pennsylvania at 4099 South Christopher Columbus Boulevard, Philadelphia, Pennsylvania 19148.

8.     Defendant, Eco Energy ("Defendant Eco"), is a corporation duly organized and existing under the laws of the State of Tennessee, maintaining a place of business located within the Commonwealth of Pennsylvania at 4099 South Christopher Columbus Boulevard, Philadelphia, Pennsylvania 19148.

9.     At all times relevant hereto, Defendants acted through their agents, servants, and employees who were acting within the scope of their authority, course of employment, and under the direct control of the Defendants.

10.     At all times material herein, Defendants have been "employers" as defined under §1981, Title VII, and the PHRA, and have been, and are, subject to the provisions of each said Act.

2

IV.    **STATEMENT OF FACTS**

11.    Plaintiff Redfearn, an African-American individual, was employed by the Defendants from on or about May 13, 2020 until on or about July 30, 2020, the date of his constructive termination.

12.    During the course of his employment with the Defendants, Plaintiff Redfearn held the position of Machine Operator, and at all times maintained a satisfactory job performance in said capacity.

13.    By way of background, throughout his tenure of employment with the Defendants, Plaintiff Redfearn was the only African-American employee at Defendants' South Philadelphia location.

14.    Shortly after Plaintiff Redfearn's hire, the Defendants, through their agents, servants, and employees, began subjecting Plaintiff Redfearn to discrimination on the basis of his race.

15.    By way of elaboration, on or about June 8, 2020, Plaintiff Redfearn reported to work and began training on his duties with Justin Knapp ("Knapp"), Operations Manager. After working outside for several hours, Knapp suggested that Plaintiff Redfearn and the other members of the work crew, specifically, Frank Miller ("Miller"), Supervisor, Matthew Koerner ("Koerner"), Machine Operator, and Steve DePasquale ("DePasquale"), Machine Operator, take a break inside the office. Upon entering the office, it was clear that the air conditioning had not been turned on. Knapp then asked Koerner, "what do you have the air [set] on?" to which Koerner responded, "I have the air on Haiti," thereby referring to a predominantly Black country. All of the employees present, who are Caucasian, erupted in laughter to Plaintiff Redfearn's discomfort.

3

16.     Thereafter, in or about early July of 2020, Plaintiff Redfearn was riding in a work truck with Koerner, Miller, and DePasquale when Koerner used the word "n****" while singing along to a song.  Plaintiff Redfearn was very surprised and offended by Koerner's flippant use of a racial slur.

17.     Approximately three days later, Plaintiff Redfearn addressed Koerner's use of the slur with Koerner in Defendants' office. In response, Koerner indicated that he was not aware that he had used the word and apologized. Plaintiff Redfearn accepted Koerner's apology and continued the work day.

18.     Thereafter, on or about July 28, 2020, Plaintiff Redfearn, Knapp, Koerner, Miller, and DePasquale were conversing in Defendants' office when Koerner asked Miller what he was doing on the computer. Miller then responded, "[w]hy are you worried about it [Koerner]? It's not like I'm worried about if you're on Instagram or if [DePasquale] is looking up sports memorabilia or if [Plaintiff Redfearn] is talking to some hoodrat hoes." Despite the fact that Plaintiff Redfearn was visibly upset and offended by Miller's discriminatory remark about African-American women, the other employees laughed hysterically. While Plaintiff Redfearn was walking out of the office to leave for the day, Miller stated, "[H]ey tell those big booty bitches that I said hi," while laughing.

19.     The following day, on or about July 29, 2020, Plaintiff Redfearn registered a complaint of race discrimination with Knapp with respect to the events of the preceding day. Plaintiff Redfearn specifically expressed his discomfort with Miller's discriminatory remarks and Knapp's failure to take any remedial action despite witnessing the same. Plaintiff Redfearn further expressed that he expected Knapp, as a member of management, to enforce Defendants' anti-discrimination and anti-harassment policies. However, Knapp responded dismissively to

Plaintiff Redfearn's concerns, causing Plaintiff Redfearn to believe that Knapp did not take his complaint seriously and did not intend to take any corrective action.

20.   On or about July 30, 2020, Plaintiff Redfearn addressed the discriminatory comments directed toward him with Knapp, Miller, Koerner, and DePasquale as a group. Plaintiff Redfearn explained that the remarks were hurtful and inappropriate for a work environment, and that he was offended that everyone had laughed at the blatantly discriminatory commentary. When Knapp responded that he would have laughed if Plaintiff Redfearn said something "funny" in response to Miller's remarks, Plaintiff Redfearn reiterated his expectation to be treated with respect. However, Knapp retorted, "[w]ell, I think respect is overrated," therefore reiterating the fact that he did not take Plaintiff Redfearn's concerns seriously.

21.   As a result of the intolerable working conditions caused by the Defendants, and Defendants' failure to take corrective action to cause the discrimination to which Plaintiff Redfearn was being subjected to cease, on or about July 30, 2020, Plaintiff Redfearn's employment was constructively terminated.

## COUNT I
### (42 U.S.C. §1981)
### Plaintiff Redfearn v. the Defendants

22.   Plaintiff Redfearn incorporates by references paragraphs 1 through 21 of this Complaint as though fully set forth at length herein.

23.   The actions of the Defendants, through their agents, servants, and employees, in subjecting Plaintiff Redfearn to discrimination on the basis of his race, ultimately resulting in the constructive termination of his employment, constituted violations of §1981.

24.   As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of §1981, as aforesaid, Plaintiff Redfearn sustained

5

permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

25.    As a further direct result of the aforesaid discriminatory employment practices engaged in by the Defendants in violation of §1981, Plaintiff Redfearn suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT II**
**(Title VII – Race Discrimination)**
**Plaintiff Redfearn v. the Defendants**

26.    Plaintiff Redfearn incorporates by references paragraphs 1 through 25 of this Complaint as though fully set forth at length herein.

27.    The actions of the Defendants, through their agents, servants, and employees, in subjecting Plaintiff Redfearn to discrimination on the basis of his race, ultimately resulting in the constructive termination of his employment, constituted violations of Title VII.

28.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of Title VII, as aforesaid, Plaintiff Redfearn sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

29.    As a further direct result of the aforesaid discriminatory employment practices engaged in by the Defendants in violation of Title VII, Plaintiff Redfearn suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT III
### (PHRA – Race Discrimination)
### Plaintiff Redfearn v. the Defendants

30.    Plaintiff Redfearn incorporates by references paragraphs 1 through 29 of this Complaint as though fully set forth at length herein.

31.    The actions of the Defendants, through their agents, servants, and employees, in subjecting Plaintiff Redfearn to discrimination on the basis of his race, ultimately resulting in the constructive termination of his employment, constituted violations of the PHRA.

32.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the PHRA, as aforesaid, Plaintiff Redfearn sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

33.    As a further direct result of the aforesaid discriminatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff Redfearn suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### PRAYER FOR RELIEF

34.    Plaintiff Redfearn incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth at length herein.

**WHEREFORE,** Plaintiff Redfearn requests that this Court enter judgment in his favor against the Defendants and Order that:

a.    Defendants compensate Plaintiff Redfearn with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination;

7

b.    Defendants compensate Plaintiff Redfearn with an award of front pay, if appropriate;

c.    Defendants pay to Plaintiff Redfearn punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d.    Defendants pay to Plaintiff Redfearn pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.    The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Redfearn demands a trial by jury.


SIDNEY L. GOLD & ASSOC., P.C.


By:    /s/ Sidney L. Gold, Esquire
        SIDNEY L. GOLD, ESQUIRE
        I.D. NO.: 21374
        1835 Market Street, Ste. 515
        Philadelphia, PA 19103
        215.569.1999
        Attorney for Plaintiff

DATED:  December 6, 2021

8

**VERIFICATION**

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.


DATE: Dec 3, 2021

Gerald Redfearn (Dec 3, 2021 12:08 EST)

GERALD REDFEARN, PLAINTIFF